**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO RENE SALAZAR-MONTUFAR, AKA Mario Salazar, AKA Mario Rene Salazar, | No.    19-70361 |
| | Agency No. A094-301-186 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023**

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Mario Rene Salazar-Montufar, a native and citizen of Honduras, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his applications for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

We do not disturb the BIA's determination that Salazar-Montufar failed to establish he suffered harm that rises to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (two beatings did not rise to the level of persecution, even considered cumulatively); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies where result would be the same under either standard).

Substantial evidence supports the agency's determination that Salazar-Montufar did not establish that the government of Honduras is unable or unwilling to control the agents of any feared persecution. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (record did not compel a finding that the government was unwilling or unable to control the feared harm). Thus, Salazar-Montufar's withholding of removal claim fails. In light of this disposition, we do

not reach Salazar-Montufar's remaining contentions regarding his withholding of removal claim. *See Simeonov*, 371 F.3d at 538 (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the denial of CAT protection because Salazar-Montufar failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions).

Salazar Montufar's claim that the IJ violated due process by demonstrating bias fails. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

To the extent that Salazar Montufar contends he received ineffective assistance of counsel before the IJ, we lack jurisdiction to consider the contention because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358

F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We do not consider the materials Salazar-Montufar references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED IN PART.**